UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY KILGORE SR., *et al.*,

                Plaintiffs,                    Case No. 1:05-cv-256

  vs.

                                        Spiegel, J.
                                        Black, M.J.

CITY OF CINCINNATI, *et al.*,

                Defendants.

**REPORT AND RECOMMENDATION[1] THAT DEFENDANT ROGER BRIGHT'S
MOTION FOR SUMMARY JUDGMENT BE GRANTED AND PLAINTIFFS'
CLAIMS AGAINST BRIGHT BE DISMISSED**

Plaintiffs initiated this action on April 14, 2005 by filing a *pro se* complaint

pursuant to 42 U.S.C. § 1983 against multiple defendants, including officers of the City of

Cincinnati SWAT team.  (Doc. 1)  Plaintiffs' complaint alleges false arrest, false

imprisonment, unreasonable search and seizure, and intentional infliction of emotional

distress.  *Id.*

On February 2, 2006, Defendant Roger Bright filed a motion for summary

judgment, to which motion Plaintiffs did not respond.  (Doc. 20.)  Thereafter, on March

13, 2006, the Court issued an Order directing Plaintiffs to show cause in writing within

fifteen days of the date of the Order why the motion for summary judgment should not be

granted and this matter dismissed as to Defendant Bright.  (Doc. 19.)  Plaintiffs have not

responded to the Order to Show Cause although more than 15 days have passed since the

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and
Recommendation.

entry of the Order.

Plaintiffs' failure to respond to either the motion for summary judgment or the

Order to Show Cause warrants the granting of Defendant Bright's motion. *See* S.D. Ohio

Civ. R. 7.2(a)(2). However, "a district court cannot grant summary judgment in favor of

a movant simply because the adverse party has not responded. The court is required, at a

minimum, to examine the movant's motion for summary judgment to ensure that he has

discharged [his initial] burden." *Stough v. Mayville Cmty. Schs.,* 138 F.3d 612, 614 (6th

Cir. 1998) (quoting *Carver v. Bunch,* 946 F.2d 451, 455 (6th Cir. 1991)).

## I.  STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477

U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). The

moving party has the burden of showing the absence of genuine disputes over facts which

might affect the outcome of the action. *Celotex,* 477 U.S. at 323. All facts and inferences

must be construed in a light most favorable to the party opposing the motion. *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

When the moving party files a motion for summary judgment, the nonmoving

party cannot "rest upon the mere allegations or denials of his pleading, but ... must set

forth specific facts showing there is a genuine issue for trial." *Anderson,* 477 U.S. at 248.

-2-

The Federal Rules of Civil Procedure require that the nonmoving party produce some evidence in support of its allegations supporting its claims, by affidavits or as otherwise provided in the rule.  Fed. R. Civ. P. 56(e).  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.  *Id.*; *see also Anderson,* 477 U.S. at 248-49; *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289, *reh'g denied,* 393 U.S. 901 (1968).  When a motion for summary judgment goes unopposed, the district court may properly rely upon the facts provided by the moving party.  *See Guarino v. Brookfield Twp. Trs.,* 980 F.2d 399, 404-05 (6th Cir. 1992).

## II.  UNDISPUTED FACTS

On March 31, 2005, officers of the Cincinnati Police Department served a search warrant at Plaintiffs' residence.  (Doc. 1, Ex. 2.)  While searching the premises, the Cincinnati police officers discovered evidence indicating that Plaintiffs were operating a "chop shop" where stolen vehicles were processed.  As result, the officers obtained a second search warrant and seized two vehicles.  *Id.*  On October 14, 2005, Plaintiffs Donald and Terry Kilgore pled guilty to multiple felony charges relating to the property seized during the searches of their residence.

Thereafter, on February 20, 2006, Plaintiffs filed the instant action, pursuant to 42 U.S.C. § 1983, alleging various constitutional violations in connection with the March 2005 searches of Plaintiffs' home.  Plaintiffs' complaint asserts that Bright is sued in his official capacity as "a police official."  The complaint, however, does not contain any

specific allegations with respect to Bright.

Bright is a police officer for the city of Norwood, Ohio.  (Doc. 20, Ex. 3, Affidavit of Detective Roger Bright, ¶ 1.)  He was not employed by the City of Cincinnati, nor the SWAT team, and he was not involved in Plaintiffs' arrest.  (*Id*. at ¶ 3.)

### III.  DISCUSSION

It is well established that a plaintiff cannot recover in a § 1983 action if he does not identify the officer that caused the alleged deprivation of his constitutional rights.  *See Thornton v. Spooner*, No 86-3944, 1989 WL 34026 (6th Cir. Mar. 21, 1989); *see also District Council 47, Am. Fed'n of State, County and Mun. Employees v. Bradley*, 795 F.2d 310, 315 (3d Cir. 1986) (plaintiff must identify the specific police officers responsible for the alleged constitutional violation); *Hill v. Algor*, 85 F.Supp.2d 391, 405 (D.N.J. 2000) (summary judgment granted where plaintiff failed to identify those officers who subjected him to excessive force).

As noted above, Plaintiffs' complaint does not assert any specific claims relating to Bright.  Moreover, Plaintiffs have failed to produce any evidence establish that there is genuine issue of material fact for trial.  Accordingly, Bright is entitled to summary

judgment and should be dismissed from this action.[2]

## IV.  CONCLUSION

For the reasons stated herein, **IT IS THEREFORE RECOMMENDED THAT**

Defendant Bright's unopposed motion for summary judgment (Doc. 20) be **GRANTED**,

and Plaintiffs' claims against Bright be **DISMISSED**.


Date:   May 2, 2006                               s/ Timothy S. Black
                                                Timothy S. Black
                                                United States Magistrate Judge

---

[2]  Additionally, as noted above, Plaintiffs pled guilty to a total of five charges, all arising from the evidence obtained during the execution of the searches at issue.  Accordingly, Plaintiffs' criminal convictions may well bar their § 1983 claims against all defendants.. *See Heck v. Humphrey*, 512 U.S. 477 (1994) (if a judgment rendered in favor of a plaintiff would necessarily imply that the criminal conviction or sentence was invalid, the complaint must be dismissed unless plaintiff succeeds in having his convictions or sentence invalidated).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY KILGORE SR. *et al.*,

                Plaintiffs,                 Case No. 1:05-cv-256

   vs.

                                            Spiegel, J.
                                            Black, M.J.

CITY OF CINCINNATI, *et al.*,

                Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).